NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3062
_____

RALPH P. BLAKNEY,

Appellant

v.

CITY OF PHILADELPHIA;
LINDA TURNER; LYNN SPIRO;
JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 12-cv-06300)
District Judge: Honorable Ronald L. Buckwalter
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2014

Before: RENDELL, SMITH and HARDIMAN, *Circuit Judges*.

(Filed: March 19, 2014)
_____

OPINION
_____

HARDIMAN, *Circuit Judge*.

Ralph Blakney appeals the order of the District Court dismissing his civil rights

claims against the City of Philadelphia and two of its employees. We will affirm.

I

Because we write for the parties, we recount only the essential facts of this case. Appellant Blakney, an African-American male, was hired by the City of Philadelphia in July 1988 as Director of the Older Adult Center in the City's Parks and Recreation Department.

Almost twenty years later, Blakney filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging race discrimination.[1] After receiving a right-to-sue letter Blakney sued the City of Philadelphia, along with his supervisor, Linda Spiro, and the Director of Human Resources for the Parks and Recreation Department, Lynn Turner (collectively, "City Defendants"). *See Blakney v. City of Phila.*, No. 10-4237, 2011 WL 4402962 (E.D. Pa. Sept. 22, 2011) (Prior Action).

In January 2011, while that litigation was pending, Blakney voluntarily resigned from his position to care for his terminally ill mother. Consistent with the Family and Medical Leave Act (FMLA), he provided the City with formal documentation showing that his mother was ill and that he assisted her. *See* 29 C.F.R. § 825.306. On September 22, 2011, the District Court granted summary judgment for the City, Turner, and Spiro in

---

[1] Blakney's complaint alleged he was discriminated against when, after taking leave to serve as a political appointee, he was restored to his position as Older Adult Center Director but denied a choice between two locations. He also alleged he was denied the opportunity to interview for the Recreation Program Director position.

the Prior Action. Four days later, Blakney hand-delivered a letter to the City's Human Resources Department demanding reinstatement to his prior position or to any available position. Although Blakney watched as the letter was faxed to Director Turner, the City filled the position and Blakney never received a response to his letter.

On October 11, 2011, Blakney filed a notice of appeal in the Prior Action. Two months later, he hand-delivered a second letter to the City's Human Resources Department asking for a list of positions to which he could be reinstated. Again, Blakney watched as the letter was faxed to Director Turner, but received no response. On February 8, 2012, Blakney filed a complaint with the EEOC, this time alleging retaliation under Title VII and the Pennsylvania Human Relations Act (PHRA).[2] The EEOC granted Blakney a right-to-sue notice and he brought suit on November 8, 2012 in the District Court, alleging retaliation in violation of Title VII and the PHRA. He sought relief against the City under 42 U.S.C. § 1983. Additionally, he sought relief against Turner and Spiro, whom he alleged were "the appointing authorized officials of the Parks and Recreation Department responsible for approving Plaintiff's reinstatement requests," under 42 U.S.C. § 1981. The City, Turner, and Spiro filed a motion to dismiss Blakney's amended complaint, which the District Court granted. Blakney timely appealed.

---

[2] Two days later, Blakney voluntarily withdrew his appeal in the Prior Action.

II[3]

We exercise plenary review over the District Court's decision to grant a motion to dismiss. *Anspach v. City of Phila.*, 503 F.3d 256, 260 (3d Cir. 2007). In doing so, we presume the complaint's well-pleaded facts to be true and view them in the light most favorable to the non-moving party. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). To survive a motion to dismiss, Plaintiff must allege sufficient facts, which, taken as true, state a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Blakney alleges unlawful retaliation under Title VII and the PHRA.[4] Title VII prohibits employers from discriminating against "any individual . . . because he has opposed any . . . unlawful employment practice" under Title VII, or because he has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" pursuant to Title VII. 42 U.S.C. § 2000e–3(a). To establish a prima facie case of retaliation, plaintiff must show (1) he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between the participation in the protected activity and the adverse employment action. *Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006).

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

4

The parties agree that Blakney established the first two elements of his prima facie case: he engaged in protected activity under Title VII, having brought a race discrimination complaint against the Parks and Recreation Department, whose failure to rehire him constituted an adverse employment action. Accordingly, the sole question on appeal is whether the District Court erred when it held that Blakney failed to plead the third element of his prima facie retaliation case: causation.

To satisfy the third prong, Blakney "must establish that his . . . protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013). We have previously held that "temporal proximity between the employee's protected activity and the alleged retaliatory action may satisfy the causal link element of a prima facie retaliation claim, at least where the timing is 'unusually suggestive of retaliatory motive.'" *Shaner v. Synthes*, 204 F.3d 494, 505 (3d Cir. 2000) (internal citation omitted). "[T]he mere fact that adverse employer action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d Cir. 1997).

We have found that a temporal proximity of two days is unusually suggestive of causation, *see Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989) (reversing summary

---

[4] Because the analysis for adjudicating a retaliation claim under the PHRA is identical to a Title VII inquiry, we need not address Blakney's PHRA claim separately. *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 317 n.3 (3d Cir. 2000).

5

judgment for the defendant when plaintiff was fired two days after his employer received notice of his EEOC complaint), but have held that a temporal proximity greater than ten days requires supplementary evidence of retaliatory motive, *see Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000) (finding that "where the temporal proximity is not so close as to be unduly suggestive," the appropriate test is "timing plus other evidence"); *see also Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 760 (3d Cir. 2004) (two months is not unusually suggestive); *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007) (three months is not unusually suggestive).

We measure temporal proximity from the date on which the litigant first files a complaint. *See Jalil*, 873 F.2d at 703. Here, Blakney filed an EEOC complaint in 2008 and sued in federal court in 2010. He voluntarily resigned in January 2011 and first sought reinstatement in September 2011—four days after summary judgment was entered against him in the Prior Action. He sought reinstatement a second time in December 2011. Thus, the period between the filing of the EEOC complaint and the City's failure to reinstate Blakney spans three years, which falls well short of the "unduly suggestive" mark. *See Cardenas v. Massey*, 269 F.3d 251, 264 (3d Cir. 2001) (finding that protected activity that extended "over a substantial period of time" is "insufficient to establish causation").

Because the temporal proximity here is not sufficiently close to imply direct

6

causation, we apply the "timing plus other evidence" test to determine whether other pleaded facts suggest retaliatory motive. *Farrell*, 206 F.3d at 280. We have held that such "other evidence" may include, but is not limited to, a "pattern of antagonism" subjecting plaintiff to a "constant barrage of written and verbal warnings and . . . disciplinary actions, all of which occurred soon after plaintiff's initial complaints." *Robinson v. Se. Pa. Transp. Auth.*, 982 F.2d 892, 894 (3d Cir. 1993). Absent direct evidence of antagonism, circumstantial evidence may be used to support an inference of antagonism. For example, "a plaintiff may establish the connection by showing that the employer gave inconsistent reasons for terminating the employee." *Farrell*, 206 F.3d at 280-81.

Our review of the record leads us to conclude that Blakney did not plead facts showing that he was subject to retaliatory conduct during the period between his EEOC claim in 2008 and his voluntary resignation in 2011. After he resigned, the only negative conduct Blakney experienced at the hand of the Parks and Recreation Department was passive at best—they ignored his reinstatement requests. Other than two trips to hand-deliver letters demanding reinstatement, Blakney pleaded no contact with the Department after his resignation.

Nevertheless, Blakney claims we should infer antagonism from the City's response to his reinstatement demands, which he bases on (1) the "absolute silent treatment" he received upon delivering his letters, (2) the fact that City Defendants "quickly filled" his position after he sought reinstatement, and (3) City Defendants' failure to reinstate him

when, he claims, he was entitled to reinstatement pursuant to Civil Service Regulation 15.031. We disagree.

The City's decisions to ignore Blakney's reinstatement requests and fill the position with another employee were neutral acts that do not create an inference of antagonism. Moreover, Blakney's claim that he was entitled to reinstatement under Civil Service Regulation 15.031 is belied by the text of the regulation itself:

> An employee who has resigned in good standing *may* be reinstated within one year to any position in the City service in the same class, in a comparable class, or in a lower class in the same or comparable series of classes having substantially the same qualification requirements, skills or aptitudes *if such reinstatement is approved by the Director and by the appointing authority of the department* in which the reinstatement is to be made.

Phila. Civ. Serv. Reg. 15.031 (emphasis added). Blakney seems to have misread this regulation, replacing "*may* be reinstated" with "*must* be reinstated." As the District Court correctly noted, the language of the regulation is "intentionally discretionary in nature." *Blakney v. City of Phila.*, No. 12-6300, 2013 WL 2411409 (E.D. Pa. June 4, 2013) at *6. Because Blakney was not entitled to reinstatement, the City's decision not to rehire him does not support an inference of antagonism.

For the reasons stated, the District Court properly found that "both the protected activity and the adverse employment action continued over such an extended period of time that it is impossible to make any inference of causation between them." *Id.* at *5. Accordingly, we will affirm the order of the District Court as it relates to Blakney's Title VII and PHRA claims.

III

Our conclusion that the District Court did not err when it held that Blakney failed to plead causation dictates the same result as to his claims against Turner and Spiro under 42 U.S.C. § 1981. The same three-prong test that applies to Title VII and PHRA claims also applies to § 1981 claims. *Cardenas*, 269 F.3d at 263. Accordingly, "where a Title VII and a § 1981 claim arise out of the same facts and circumstances and the Title VII claim fails, the § 1981 claim must fail for the same reasons." *Blakney*, 2013 WL 2411409, at *7 (internal citation omitted). Here, Blakney's complaint incorporates by reference the same set of facts for his Title VII and § 1981 claims. Therefore, "our discussion of the Title VII claim above applies with equal force," *Cardenas*, 269 F.3d at 263, and Blakney's § 1981 claim fails.[5]

IV

For the foregoing reasons, Blakney failed to state a plausible claim under Title VII, the PHRA, 42 U.S.C. §§ 1981 or 1983. Therefore, we will affirm the order of the District Court.

---

[5] Blakney also seeks relief pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690 (1978), claiming his rights under 42 U.S.C. § 1981 were violated due to the City's failure "to properly train, supervise, discipline and control [the City Defendants] regarding [Blakney's right] to be free from unlawful retaliatory actions." Because this claim is derivative of Blakney's untenable retaliation claim, it too must fail.

9